IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-383-FL

| | |
|---|---|
| MARCUS ANTOINE WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM AND** ) **RECOMMENDATION** ) **and ORDER** |
| DR. ARGILA, | ) ) |
| Defendant. | ) |

This pro se case is before the court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B) and for resolution of a number of non-dispositive motions[1] filed by plaintiff Marcus Antoine Wilson ("plaintiff"). The frivolity review was referred to the undersigned Magistrate Judge for issuance of a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A).[2] The motions were referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).[3] For the reasons set forth below, it will be recommended that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted and ordered that the non-dispositive motions be denied as moot.

---

[1] The motions are: "Motion of Final Pre-trial Settlement Hearing" (D.E. 6); motions for appointment of counsel (D.E. 7, 23); "Motion to Subpoena Statements from Maury Correctional Institution—Custody and Medical Staff" (D.E. 8); "Motion on Evidentiary Challenges" (D.E. 11); motion for preliminary injunction (D.E. 12); "Motion to Subpoena All Documentations and Legal Books/Papers on Deliberate Indifference—Breach of Duty and Negligence for Court" (D.E. 13); "Motion of Violating Plaintiff's Requests of Rule 6(a)-(b)-(d), Rule 7 (b)-(1)-(2)-(3), Rule 8(b)-(c)" (D.E. 14); "Motion on Violation of Equal Protection Law and Discrimination and Protection Act and Negligence" (D.E. 15); "Motion on Subpoena Maury Correctional Institution Custody and Medical Staff" (D.E. 19); and "Motion on Civil Procedure 35(a) Physical or Mental Evaluation or Produce Medical Reports and Reports on Occurred Incident on Plaintiff/Negligence" (D.E. 22).

[2] *See* 22 July 2014 staff notes.

[3] *See* unnumbered D.E.'s dated 22, 30 July 2014; 11 Aug. 2014; 10, 11, 22, 26, 30 Sept. 2014.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. BACKGROUND

Plaintiff's complaint (D.E. 5) consists of a five-page complaint form completed in handwriting (D.E. 5 at 1-5) and an accompanying three-page handwritten document entitled "Complaint" (*id.* at 6-8). The complaint names as the sole defendant Dr. Argila ("defendant"). (Compl. § III.A at 2). It alleges as follows:

Plaintiff was an inmate at Maury Correctional Institution, and defendant an emergency room doctor at Vidant Memorial Hospital in Greenville, North Carolina ("Vidant"). (*Id.* § III.A., B. at 2). On an unspecified date, plaintiff was rushed to Vidant for swelling of his left leg due to chronic cellulitus. (*Id.* § IV at 3). Defendant was the doctor who treated him there. (*Id.*). Upon arrival, defendant asked plaintiff what normally happens when he comes to the hospital for his leg. (*Id.*). Plaintiff advised defendant that he is admitted for intravenous treatment and the charge nurse or doctor calls the correctional facility for more information. (*Id.*). Defendant replied that this would not happen that night. (*Id.*).

Plaintiff informed defendant that he had a surgical wound with green drainage and was having major flare-ups of his Crohn's disease, and plainly asked defendant for help. (*Id.* § IV at 4). Two tests were performed on plaintiff, and he was given pain medications, but nothing else was done, including no bandage change or cleaning of the surgical wound or affected area. (*Id.*). Hours later, plaintiff had a major Crohn's flare-up. (*Id.*). The nurse called the doctor and lied, saying plaintiff wanted pain medication. (*Id.*). Defendant released plaintiff from the hospital while he was still bleeding and in pain. (*Id.*).

Upon his return to the correctional facility, his left leg had become bigger, and the pain was worse. (*Id.*). He was admitted to the infirmary with worsened cellulitis. (*Id.*). Since then,

2

he has been receiving intravenous antibiotic treatment, and he has been scheduled for surgery. (*Id.*).

In the complaint, plaintiff purports to assert, pursuant to 42 U.S.C. § 1983 ("§ 1983"), claims for violation of his constitutional rights and invokes the court's federal question jurisdiction under 28 U.S.C. § 1331. (*Id.* ¶ 1 at 6). He contends that defendant violated his constitutional rights by deliberate indifference to his medical needs, negligence, incompetent medical care, and sadistic and gross conduct. (*Id.* § V at 4). Plaintiff demands a declaratory judgment, preliminary and permanent injunctive relief, compensatory damages in the amount of $140,000, punitive damages in the same amount, costs, and other relief. (*Id.* § IV ¶¶ 8-15 at 8).

## II. APPLICABLE LEGAL STANDARDS

### A. Frivolity and Pleading Standards

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33. The failure to state a claim standard is the familiar one under Fed. R. Civ. P. 12(b)(6). *See, e.g., Sewraz v. Nguyen*, Civ. Act. No. 3:08CV90, 2010 WL 517898, at *1 (E.D. Va. 10 Feb. 2010).

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and

3

dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

More particularly, under Fed. R. Civ. P. 8, a pleading that alleges a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

### B.    § 1983 and Deliberate Indifference Standards

In order to establish liability under § 1983, a plaintiff must show that he was deprived of a right provided for under the Constitution or laws of the United States, and that defendant acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A physician providing medical services to a prisoner is deemed to be acting under color of state law for purposes of § 1983,

4

even where the services were rendered outside of the prison at a private hospital. *Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994) (holding that "a physician who treats a prisoner acts under color of state law even though there was no contractual relationship between the prison and the physician"); *Abraham v. Yarborough*, No. 6:13–cv–00769–RMG, 2014 WL 1001436, at *6 (D.S.C. 13 Mar. 2014) ("Thus, if a healthcare provider demonstrates a deliberate indifference to a prisoner's serious medical needs, the prisoner suffers a deprivation under color of state law.").

A prisoner can support a claim for inadequate medical care pursuant to § 1983 by showing deliberate indifference to his serious medical needs in violation of the prohibition against cruel and unusual punishment in the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that prison official's deliberate indifference to inmate's serious medical needs can support a claim for cruel and unusual punishment under Eighth Amendment). "A deliberate indifference claim consists of two components, objective and subjective." *Jackson v. Lightsey*, 775 F.3d. 170, 178 (4th Cir. 2014). "Objectively, the inmate's medical condition must be 'serious'—'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 178.

The subjective component requires a showing that the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To meet this subjective element, a plaintiff must demonstrate far more than mere negligence or carelessness. *Jackson*, 775 F.3d at 178 (noting that the subjective element "is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate

indifference"); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) (holding that medical care "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]"). A disagreement between an inmate and a physician over a particular course of treatment will not support a claim for deliberate indifference. *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) ("[W]e have specifically held that a mere difference of opinion regarding the adequate course of treatment does not give rise to an Eighth Amendment violation."); *White v. Jones*, No. 5:13–CT–3059–F, 2014 WL 7366228, at *2 (E.D.N.C. 24 Dec. 2014) ("A prisoner is not entitled to choose his course of treatment."); *Long v. Policarpio*, No. 2:14–CV–10, 2015 WL 65061, at *4 (N.D.W. Va. 10 Dec. 2014) ("A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over the inmate's proper medical care, unless exceptional circumstances are alleged."), *rep. & recomm. adopted by* 2015 WL 65061 at *1 (5 Jan. 2015). A claim that a physician did not follow a particular course of treatment that he himself prescribed may, however, state such a claim. *Jackson*, 775 F.3d at 178 ("[A] doctor's failure to provide care that he himself deems necessary to treat an inmate's serious medical condition may constitute deliberate indifference.").

## III. DISCUSSION

Even assuming that plaintiff's cellulitis, surgical wound, and Crohn's disease constitute serious medical conditions in satisfaction of the objective prong of the test for deliberate indifference, plaintiff's complaint fails to satisfy the subjective prong. The allegations of inadequate medical care are that defendant did not follow the usual protocol for plaintiff's hospital visits for the cellulitis in his left leg, which includes intravenous treatment; did not

otherwise provide treatment for him beyond the performance of two tests and provision of pain medication; and discharged him when he was still bleeding and in pain. (Compl. § IV at 3-4). As a result, plaintiff's cellulitis was allegedly worse when he reached the prison, and he was admitted to the infirmary there. (*Id.* § IV at 4).

These allegations simply do not show an excessive risk to plaintiff's health or safety that defendant knew of or disregarded, as required to satisfy the subjective prong. Indeed, plaintiff concedes that defendant did provide some treatment and that only one of his three alleged conditions resulted in further treatment at the infirmary after his return to the prison, without mention of further hospitalization. Plaintiff seems simply to disagree with the treatment he was provided, which, as indicated, does not establish deliberate indifference in violation of the Eighth Amendment. If plaintiff's allegations were deemed to show inadequate medical care by defendant, it would at most be negligence or medical malpractice. Neither is cognizable as an Eighth Amendment claim. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("[Plaintiff's] allegation that his medical care was inadequate would, at most, constitute a claim of medical malpractice. He alleges no exceptional circumstances which meet the standard of deliberate indifference to serious medical needs required for § 1983 liability."); *Gillyard, Jr. v. Allendale Correctional Inst.*, 4:12-cv-03050-JMC, 2014 WL 6879111, at *3 (D.S.C. 3 Dec. 2014) (dismissing complaint on frivolity review where "Plaintiff's allegations show not that he was refused treatment, but simply that he did not receive the treatment he preferred"); *Morrison v. Dulah,* No. 5:14-CV-66-FDW, 2014 WL 2573041, at *3 (W.D.N.C. 9 June 2014) (dismissing complaint on frivolity review where "[a]t most, Plaintiff alleges that Defendants were negligent in failing to diagnose and treat the MRSA earlier, resulting in permanent nerve damage and scarring. Mere negligence is simply not an actionable claim under § 1983."); *McFadden v.*

*Redwitch*, No. 3:14–cv–100–FDW, 2014 WL 2196088, at *2 (W.D.N.C. 27 May 2014) (dismissing complaint on frivolity review for failure to show deliberate indifference where plaintiff alleged that he was mistakenly given another inmate's medication which made him ill). The allegations in plaintiff's complaint failing to satisfy (at a minimum) the subjective prong for deliberate indifference in violation of the Eighth Amendment, the complaint fails to state such claim and, because that is the only claim the complaint purports to assert, the complaint should be dismissed.[4]

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 16 March 2015 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

---

[4] Notwithstanding plaintiff's stated reliance on the Eighth Amendment and § 1983, if he were deemed to be asserting state law tort claims, the court should decline exercising supplemental jurisdiction over them. *Perkinson v. White*, No. 5:13–CT–3004–FL, 2015 WL 333012, at *5 (E.D.N.C. 26 Jan. 2015) ("A district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it had original jurisdiction."); *Gillyard*, 2014 WL 6879111, at *3 ("As such, Plaintiff cannot establish a cause of action under § 1983, and summary dismissal is appropriate. Inasmuch as Plaintiff may be able to establish a claim of negligence or medical malpractice, or any other state claims, the court declines to exercise supplemental jurisdiction over those claims.").

## ORDER ON PLAINTIFF'S NON-DISPOSITIVE MOTIONS

Because the court concludes that plaintiff has failed to state a claim upon which relief may be granted, it further concludes that plaintiff's non-dispositive motions are thereby moot. IT IS THEREFORE ORDERED that the non-dispositive motions (D.E. 6, 7, 8, 11, 12, 13, 14, 15, 19, 22, and 23) are DENIED AS MOOT WITHOUT PREJUDICE.

This, the 2nd day of March 2015.

James E. Gates
United States Magistrate Judge