IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-383-FL

| | | |
|---|---|---|
| MARCUS ANTOINE WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. ARGILA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE 27), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), in which he recommends that the court dismiss the complaint for failure to state a claim pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii). Plaintiff timely filed objections to the M&R (DE 36). Also before the court is plaintiff's pleading captioned "Pro-se Motion on Complaint, Negligence and Medical-Mal-Practice Inadequate Medical Care" (DE 37). In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings of the magistrate judge and denies plaintiff's motion.

**BACKGROUND**

At the time this cause of action accrued, plaintiff was a state inmate incarcerated at Maury Correctional Institution ("Maury"), and defendant Dr. Argila ("defendant") was employed as an emergency room physician at Vidant Memorial Hospital ("Vidant") in Greenville, North Carolina.

(Compl. pp. 1, 6.)[1] In the early morning hours on June 22, 2014, plaintiff "was rushed to the Hospital concerning his left leg, which [had] been diagnosed [with] chronic cellulitis." (Compl. p. 3; Am. Compl. p. 1.) Upon arrival, defendant asked plaintiff what normally occurs when plaintiff is transported to the hospital for his leg. (Compl. p. 3.) Plaintiff responded that he is admitted for intravenous treatment and that the charge nurse or doctor calls the correctional facility for additional information. (Id.) Defendant then replied "that won't happen tonight." (Id.) Plaintiff, additionally, informed defendant that he had a surgical wound with green drainage and that he had been experiencing "major flare-ups" connected to his Crohn's disease. (Id. p. 4.) Plaintiff's left leg continued to swell while he was at the hospital. (Id.)

Defendant conducted two tests on plaintiff while plaintiff was at Vidant and provided plaintiff with pain medication. (Id.) Plaintiff states that he received no other treatment, including no "bandage change" or cleaning of the surgical wound and infected area. (Id.) At some point, the nurse called defendant and informed defendant that plaintiff was asking for pain medication, which plaintiff states is untrue. (Id.) Plaintiff ultimately was released without any further treatment despite the fact that he was still bleeding from his Crohn's disease flare-up, had an undressed surgical wound, and was in pain. (Id. pp. 4; Attach. p. 2.)

Following his release from Vidant, plaintiff was transferred back to Maury. (Compl. p. 4.) Plaintiff's Crohn's disease flare-up and chronic cellulitis in his left leg got "seriously worse" hours after plaintiff was returned to Maury. (Compl. Attach. p. 2.) The medical and custody staff at Maury were upset that plaintiff was transported back to Maury because plaintiff's left leg had gotten bigger and his pain was worse. (Compl. p. 4.) Plaintiff then was admitted to the infirmary at Maury

---

[1] The court notes that plaintiff's original complaint was not signed. Plaintiff filed his signed complaint on July 17, 2014. See (DE 5.)

2

with worsened cellulitis, which the infirmary medical staff treated with intravenous antibiotic medication. (Id.) Plaintiff currently is scheduled for surgery. (Id.)

On July 7, 2014, plaintiff filed this civil right action *pro se* pursuant to 42 U.S.C. § 1983 against defendant alleging that defendant acted with deliberate indifference to his serious medical needs. As relief, plaintiff requests a declaratory judgment, injunctive relief, compensatory damages in the amount of $140,000.00, punitive damages in the same amount, costs, and other relief. (Compl. Attach. p. 3.) Plaintiff subsequently filed several non-dispositive motions including: a "Motion of Final Pre-trial Settlement Hearing" (DE 6), motions for appointment of counsel (DE 7, 23), "Motion to Subpoena Statements Case from Maury Correctional Inst[itution]–Custody [and] Medical Staff" (DE 8), "Motion on Evidentiary Challenges" (DE 11), motion for preliminary injunction (DE 12), "Motion [to] Subpoena All Documentation and Legal Books/Papers on Deliberate Indifference–Breach of Duty and Negligence for Court" (DE 13), "Motion of Violating Plaintiff's Requests of Rule 6(a)-(b)-(d), Rule 7(b)-(1)-(2)-(3), Rule 8(b)-(c)" (DE 14), "Motion on Violation of Equal Protection Law and Discriminations and Protection Act and Negligence" (DE 15), "Motion on Subpoena Maury Correctional Inst[itution] Custody and Medical Staff" (DE 19), and "Motion on Civil Procedure 35(a) Physical or Mental Evaluation or Produce Medical Reports and Reports on Occurred Incident on Plaintiff/Negligence" (DE 22).

In the interim, this action was referred to the magistrate judge for ruling on plaintiff's pending motions and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). On March 2, 2015, the magistrate judge issued a M&R which recommends that plaintiff's action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because his allegations do not amount to deliberate indifference to plaintiff's serious medical needs. Because the magistrate judge

3

recommended that plaintiff's action be dismissed for failure to state a claim, the magistrate judge denied as moot the all of plaintiff's pending motions.

After the court entered judgment, the clerk of court mailed plaintiff a copy of the magistrate judge's M&R at plaintiff's address of record, and it was returned to the court with the notation "[r]eturn to sender no longer here." Hearing no objection to the magistrate judge's M&R from plaintiff, the court entered an order adopting the magistrate judge's M&R on April 15, 2015. The clerk's attempt to mail plaintiff a copy of the court's judgment also was returned as undeliverable.

On July 17, 2015, plaintiff filed a letter requesting copies of all of the motions he filed in various cases he has in this district. Plaintiff then filed a motion for a hearing and a motion for reconsideration stating that he had not received a copy of the magistrate judge's M&R due to the fact that he had a new address. On July 27, 2015, the court entered a text order construing plaintiff's motion for reconsideration, in part, as a motion to re-open the action and granted plaintiff's motion in part and allowed plaintiff 30 days to file any objection to the magistrate judge's M&R. The court also denied as moot plaintiff's motion for a hearing.

On July 28, 2015, plaintiff filed his objections to the magistrate judge's M&R. Plaintiff then filed a motion captioned "Pro-se motion on Complaint, Negligence and Medical-Mal-Practice Inadequate Medical Care."

4

A.      Memorandum and Recommendation

   1.      Standard of Review

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

5

2. Plaintiff's Objection

Plaintiff alleges a single claim in this action-that defendant acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The magistrate judge recommends that this claim be dismissed for failure to state a claim. The court now considers plaintiff's objections.

Plaintiff asserts that the court should reject the M&R because he has not been afforded counsel to assist with litigating this action. Plaintiff asserts that the appointment of an attorney would provide him the "chance[] to show where the mistake, wrongdoings[,] mal-practice[,] or negligence from the Defendant Instead of Closing the case because of the Defendant[']s color or their position." (Pl.'s Obj. p. 1.)

Beginning with plaintiff's request that the court appoint counsel, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Here, plaintiff's claim is not complex, and plaintiff has demonstrated through the detail of his past filings that he is capable of proceeding *pro se*. Plaintiff, additionally, has been provided

6

ample opportunity to present the allegations supporting his claim and to object to the magistrate judge's M&R.

To the extent plaintiff contends that he requires a law library or counsel in order to present his claim, he is mistaken. Plaintiff's detailed factual recitation of his encounter with defendant at Vidant on the night at issue is sufficient to satisfy Federal Rule of Civil Procedure 8's requirement of a short and plain statement of the claim. See Fed. R. Civ. P. 8. Based upon plaintiff's own allegations in the complaint, the magistrate judge correctly determined that plaintiff alleged a disagreement with the treatment defendant provided, which is insufficient to allege a violation of the Eighth Amendment. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

To the extent plaintiff contends that he requires an attorney or law library to adequately allege a negligence or medical malpractice claim, he is mistaken because such a claim is not actionable pursuant to § 1983. See Estelle v. Gamble, 429 U.S. 97, 105–106 (1976); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard-a showing of mere negligence will not meet it."); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). Additionally, as stated below, plaintiff has not complied with the procedural requirements necessary for filing a state law negligence or medical malpractice claim. Based upon the foregoing, the court finds that this case is not one in which exceptional circumstances merit appointment of counsel.

7

Therefore, the court OVERRULES plaintiff's objection to the magistrate judge's M&R on this ground.

To the extent plaintiff alleges that defendant discriminated against plaintiff based upon plaintiff's race or "position[,]" plaintiff has presented to facts to support such a claim. Rather, plaintiff merely relies upon his conclusory allegations, which are insufficient to state a claim for discrimination. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required); see also, Gibson v. McEuers, 631 F.2d 95, 98 (7th Cir. 1980) (conclusory allegations of racial discrimination insufficient to state claim). Therefore, the court OVERRULES plaintiff's objection to the magistrate judge's M&R on this ground.

B.  Plaintiff's Motion on Complaint

The court construes plaintiff's "Pro-se motion on Complaint, Negligence and Medical-Mal-Practice Inadequate Medical Care" as a motion to amend his complaint to include a state law claim for negligence or medical malpractice. Plaintiff's first motion to amend is ALLOWED as a matter of course. Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.") (quotation omitted).

The court now turns to its frivolity review of plaintiff's amended pleading alleging a claim for negligence or medical malpractice. In North Carolina, a plaintiff asserting negligence must prove "the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff." Blackwell v. Hatley, 202 N.C. App. 208, 212, 688 S.E.2d 742, 746

(2010). In addition, a plaintiff alleging medical malpractice must comply with North Carolina Rule of Civil Procedure 9(j).

Rule 9(j) applies to claims of medical malpractice against health care providers, as defined in North Carolina General Statute § 90-21.11(1). Rule 9(j) requires, in part, that a complaint include assertions from an individual, who has reviewed all relevant medical records and who will be expected to testify at trial as an expert, that the medical care provided to the plaintiff fell below the applicable standard of care. The North Carolina General Assembly enacted Rule 9(j) "in part, to protect defendants from having to defend frivolous medical malpractice actions by ensuring that before a complaint for medical malpractice is filed, a competent medical professional has reviewed the conduct of the defendants and concluded that the conduct did not meet the applicable standard of care." Estate of Waters v. Jarman, 144 N.C. App. 98, 100, 547 S.E.2d 142, 144 (2001) (quotation omitted). Failure to comply with Rule 9(j) is a ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004).

Rule 9(j) provides one narrow exception to its medical certification requirement: a litigant is excused from Rule 9(j)'s pre-filing certification requirement if negligence may be established under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (quotation and emphases omitted). Plaintiff has not alleged circumstances that support the application of res ipsa loquitur to his claim. See, e.g., Smith v. Axelbank, 730 S.E.2d 840, 843 (N.C. Ct. App. 2012). Accordingly, because plaintiff failed to comply with Rule 9(j) or plead facts

9

to fall within the res ipsa loquitur exception, the court DISMISSES plaintiff's negligence or medical malpractice claim for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) The court GRANTS plaintiff's "Pro-se Motion on Complaint, Negligence and Medical-Mal-Practice Inadequate Medical Care[,]" (DE 37), which this court construed as a motion to amend;

(2) The court DISMISSES without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the negligence or medical malpractice claim plaintiff alleged in his amended complaint;

(3) Upon *de novo* review of those portions of the magistrate judge's M&R (DE 27) to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge and DISMISSES this action without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

(4) The clerk of court is DIRECTED to close this case.

SO ORDERED, this 15th day of October, 2015.

LOUISE W. FLANAGAN
United States District Judge

10

Case 5:14-cv-00383-FL   Document 38   Filed 10/15/15   Page 10 of 10